IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARCELO SOSTAITA, Individually**     **PLAINTIFF**
**and on Behalf of All Others Similarly**
**Situated**

vs.     No. 4:23-cv-54-KGB

**SANCHEZ CONCRETE LLC, and**     **DEFENDANTS**
**ALEJANDRO SANCHEZ**

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

Defendant Sanchez Concrete LLC ("Sanchez Concrete") is a concrete construction business owned and operated by Defendant Alejandro Sanchez ("Sanchez") (collectively "Defendants"). Defendants employed Plaintiff Marcelo Sostaita ("Plaintiff") to work as a dump truck driver from November of 2020 until April of 2021, and again from November of 2021 until April of 2022. Defendants classified Plaintiff as an independent contractor and paid him an hourly wage for all hours worked without an overtime premium, but Plaintiff's employment and job duties do not meet the requirements of independent contractor status. Accordingly, Plaintiff was misclassified as exempt from the overtime requirements of the FLSA; he is owed back wages for his overtime worked and an equal amount in liquidated damages. Sanchez is jointly and severally liable for these damages with Sanchez Concrete because Sanchez acted as Plaintiff's employer in all respects of Plaintiff's employment with Defendants.

Page 1 of 18
Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB
Brief in Support of Motion for Summary Judgment

## II.     STANDARD OF REVIEW

Rule 56 provides that summary judgment is proper when there are no genuine issues of material fact remaining in a case and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole." *Celotex*, 477 U.S. at 327.  Rule 56 mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (noting that the court "shall" grant summary judgment if the movant meets the standard).

The party moving for summary judgment has the initial burden of informing the Court of the basis for its motion and identifying the pleadings, admissions, discovery documents, and affidavits it contends show the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. When the burden of proof of the issue or claim rests with the nonmoving party, the moving party can meet its initial burden in a summary judgment motion by pointing out to the district court "that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325. The nonmoving party must then go beyond its own pleadings to designate specific controverted facts raising genuine triable issues. *Id.* at 325. In order to show a genuine issue of fact, "the nonmoving party may not rely on mere denials or allegations in its pleadings but must designate specific facts showing that there is a genuine issue for trial." *Barge v. Anheuser-Busch, Inc.,* 87 F.3d 256, 258 (8th Cir. 1996).

**Page 2 of 18**
**Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB**
**Brief in Support of Motion for Summary Judgment**

A dispute is genuine only if a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather the dispute must be outcome determinative under prevailing law." *Lower Brule Sioux Tribe v. State of South Dakota*, 104 F.3d 1017, 1021 (8th Cir. 1997); *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989).

### III.   ARGUMENT

Defendants improperly classified Plaintiff as an independent contractor. Defendants controlled every aspect of Plaintiff's working conditions, including schedule, work duties, and pay scheme. Plaintiff was hired indefinitely, did not share in Defendants' profits, made no investments in Defendants' business, and had no opportunity to increase his profits aside from his hourly wages that were set by Defendants. A review of all facts surrounding Plaintiff's work for Defendants makes it abundantly clear that Plaintiff was Defendants' employee, and he should have been paid accordingly. Moreover, by directing the day-to-day duties and schedule of Plaintiff's work, Sanchez operated as Plaintiff's employer and is jointly and severally liable with Sanchez Concrete. Plaintiff is owed overtime on all hours he worked in excess of 40 during each week of his employment, an equal amount in liquidated damages, and a reasonable attorney's fee.

**A.   Plaintiff was misclassified as an independent contractor.**

As discussed below, every aspect of Plaintiff's relationship with Defendants demonstrates an employment relationship. Plaintiff is therefore entitled to summary judgment with respect to his misclassification as an independent contractor.

Page 3 of 18
Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB
Brief in Support of Motion for Summary Judgment

1. <u>Legal Standard: Employee status is determined by the economic reality of the relationship of the parties.</u>

Whether a worker qualifies under the FLSA as an employee is determined by the economic realities test. *Karlson v. Action Process Serv. & Private Investigation, LLC*, 860 F.3d 1089, 1092 (8th Cir. 2017) (quoting *Tony & Susan Alamo Found.*, 471 U.S. at 301). The point of applying the economic realities test is to determine whether the worker is economically dependent on the defendant for his work, or whether the worker really is in business for himself.  *See, e.g.*, *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1312 (11th Cir. 2013); *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008); *Baker v. Flint Eng'g & Constr. Co.*,137 F.3d 1436, 1440 (10th Cir. 1998); *Dole v. Snell*, 875 F.2d 802, 804 (10th Cir. 1989); *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988).

With that overarching principle in mind, "the majority of courts analyze the following six factors":

> (i) the degree of control exercised by the alleged employer over the business operations, (ii) the relative investments of the alleged employer and employee, (iii) the degree to which the employee's opportunity for profit and loss is determined by the employer, (iv) the skill and initiative required in performing the job, (v) the permanency of the relationship, and (vi) the degree to which the alleged employee's tasks are integral to the employer's business. *See, e.g.*, *Harrell v. Diamond A Entm't, Inc.*, 992 F. Supp. 1343, 1348 (M.D. Fla. 1997); *see* 51 A.L.R. Fed. 702, § 2 (collecting cases on the economic reality test under the FLSA).

*Cruthis v. Vision's*, No. 4:12-cv-244-KGB, 2014 U.S. Dist. LEXIS 8773, at *7–8 (E.D. Ark. Jan. 24, 2014).

Under the economic realities test, an employment contract labeling the worker as an independent contractor "may be relevant but is not controlling." *Karlson*, 860 F.3d at 1092 (8th Cir. 2017) (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729, 67 S.

Page 4 of 18
**Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB**
**Brief in Support of Motion for Summary Judgment**

Ct. 1473, 1476 (1947)). *See also Scantland*, 721 F.3d at 1311 ("This inquiry is not governed by the 'label' put on the relationship by the parties or the contract controlling that relationship, but rather focuses on whether 'the work done, in its essence, follows the usual path of an employee.'") (quoting *Rutherford*, 331 U.S. at 729); *Superior Care*, 840 F.2d at 1059 ("[E]mployer's self-serving label of workers as independent contractors is not controlling."); *Robicheaux v. Radcliff Material, Inc.*, 697 F.2d 662, 667 (5th Cir. 1983) (explaining that "[a]n employee is not permitted to waive employee status," and affirming that welders were employees despite having signed independent contractor agreements).

Likewise, Form 1099-MISC tax forms and other government forms indicating independent contractor status, as well as lack of employee benefits, simply indicate that the employer engaged the worker as an independent contractor, not that the worker is actually an independent contractor under the FLSA. *See Olson v. Star Lift Inc.*, 709 F. Supp. 2d 1351, 1356 (S.D. Fla. 2010) (worker's receipt of Form 1099-MISC from employer does not weigh in favor of independent contractor status); *Harrell v. Diamond A Entertainment*, 992 F. Supp. 1343, 1353 (M.D. Fla. 1997) (holding that a worker's "characterization for tax purposes and the provision of employee benefits [is] not relevant" to the question of whether the worker is an employee under the FLSA). "Economic realities, not contractual labels, determine employment status for the remedial purposes of the FLSA." *Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 755 (9th Cir. 1979).

2. <u>The economic reality of Plaintiff's relationship with Defendants was employment.</u>

Defendants controlled almost every aspect of Plaintiff's work, including pay scale, services performed, and working hours. Plaintiff had no financial investment in Defendants' business and did not share in any of the profits or losses of the business. All

Page 5 of 18
Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB
Brief in Support of Motion for Summary Judgment

business decisions were made by Defendants and Plaintiff, as a dump truck driver, had no say in how the business was run. This and the facts discussed below show that Plaintiff was misclassified as an independent contractor. Each factor under the economic realities test weighs in favor of an employee-employer relationship between Plaintiff and Defendants.

> *i. Defendants controlled all business operations.*

The first, "and arguably most important," of the economic realities test factors is the degree of control that Defendants exercised over Plaintiff with respect to Plaintiff's work. *O'Dell v. Qualscript, LLC*, No. 4:21-CV-00260-LPR, 2023 U.S. Dist. LEXIS 53084, at *37 (E.D. Ark. Mar. 28, 2023) (citing *Karlson*, 860 F.3d at 1093–95; *Roslov v. DirecTV Inc.*, 218 F. Supp. 3d 965, 974 (E.D. Ark. 2016)). "This includes control over the individual's schedule, the type of work the individual performs, and the way the individual performs his or her work." *Id*. (citing *Karlson*, 860 F.3d at 1093–95; *Roslov*, 218 F. Supp. 3d at 974, 976). "The more control the company has over the individual, the more likely it is that the individual is 'no longer a separate economic entity in business for h[er]self' and is thus an employee." *Id*. (quoting *Roslov*, 218 F. Supp. 3d at 976 (alterations in original)).

Defendants controlled all the operations of the business, including determining Plaintiff's pay, setting his schedule, and assigning him work duties. Pl.'s Requests for Admission to Defendant Alejandro Sanchez. ("Requests for Admission") No. 2–8, attached as Ex. 2. As a dump truck driver, Plaintiff's sole responsibility with respect to the business was to drive a dump truck to whichever job site he was directed to. Decl. of Marcelo Sostaita ("Decl. Sostaita") ¶ 9, attached as Ex. 1. When he was hired, Plaintiff was not permitted to negotiate his wages or set his own pay scale, he merely accepted

Page 6 of 18
Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB
Brief in Support of Motion for Summary Judgment

the wages Defendants told him he would receive. *Id*. at ¶ 13. Plaintiff was required to work when and where Defendants directed. Request for Admission No. 5. Defendants set Plaintiff's schedule and told him when to arrive and when he could leave, and Plaintiff risked discipline or termination if he missed work without notifying Defendants. *Id*. at ¶ 8. Defendants provided the mechanism by which Plaintiff reported his hours: Plaintiff reported his arrival and departure to Sanchez who then tracked Plaintiff's hours and wrote his paychecks accordingly. *Id*. at ¶ 19.

Defendants not only directed Plaintiff on when he was required to work, Defendants also dictated the manner in which Plaintiff performed his work. Defendants told Plaintiff which tools and materials to load, which truck to drive, and where to drive it. Request for Admission No. 6–7; Decl. Sostaita ¶ 9. Plaintiff never accepted customers on Defendants' behalf. Decl. Sostaita ¶ 14. He did not answer any company calls, advertise the business, or speak with potential customers. *Id.* Likewise, Plaintiff was not permitted to refuse any assignment or customer; if he did not drive the dump truck where he was directed, he risked discipline up to termination. *Id*. at ¶ 16.

Defendants exerted near total control over every aspect of the business operations. Defendants created and enforced the business model, policies, and procedures. Defendants controlled when, how and what work Plaintiff performed. Plaintiff merely performed assignments given out by Defendants, under the watchful eye and directives of Defendants' supervision.

    ii. *Plaintiff had no investment in Defendants' business.*

In order for this factor to weigh in the employer's favor, the worker's investment should be significant in relation to the overall business being conducted. *See Baker*, 137

Page 7 of 18
**Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB**
**Brief in Support of Motion for Summary Judgment**

F.3d at 1442 (comparing rig welders' investment to employer's "hundreds of thousands of dollars of equipment at each work site"); *see also Snell*, 875 F.2d at 810–11 (comparing cake decorators' $400 investment in their tools to employers' business investments, including paying for rent, advertising, operating expenses, and labor, in addition to supplies and decorating equipment); *Sec'y of Labor, United States Dep't of Labor v. Lauritzen*, 835 F.2d 1529, 1537 (7th Cir. 1987) (reasoning that where workers provided their own gloves, and the employer provided the farm equipment, land, seed, fertilizers, and living quarters, their work was not independent of the employer); *Hopkins*, 545 F.3d at 344 (comparing each worker's individual investment to employer's overall investment in the business); *Real*, 603 F.2d at 755 (strawberry growers' investment in light equipment, including hoes, shovels, and picking carts was "minimal in comparison" with employer's total investment in land and heavy machinery).

Here, Plaintiff made no investments in Defendants' business whatsoever. Decl. Sostaita ¶ 11. Plaintiff did not own any of the tools or materials he used while performing work for Defendants. *Id*. By comparison, Defendants owned the dump truck Plaintiff drove and the materials Plaintiff transported in the dump trucks, as well as bore the full financial responsibility of typical business expenses such as advertising, labor costs, and property costs. *Id*. Defendants paid for the gas, insurance, and registration on the dump trucks that Plaintiff drove; Plaintiff merely had to maintain a valid driver's license. *Id*. Defendants' extensive investment heavily outweighs the nonexistent investment on Plaintiff's part. Plaintiff's minimal investment, compared to Defendants' significant investments, show that Plaintiff was economically dependent on Defendants for his work.

Page 8 of 18
Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB
Brief in Support of Motion for Summary Judgment

### iii. Plaintiff was dependent on Defendants for increase in profits.

"Relevant to the control-of-profit inquiry is whether the individual was guaranteed a certain level of income, whether the individual controlled the amount of work she took on, whether the individual could work for other people or entities, and whether the individual could hire subcontractors." *O'Dell*, 2023 U.S. Dist. LEXIS 53084, at *41 (citing *Roslov*, 218 F. Supp. 3d at 974, 977; *Krupicki v. Eagle One, Inc.*, No. 4:12-CV-00150-KGB, 2014 U.S. Dist. LEXIS 46038 (E.D. Ark. Apr. 3, 2014). This factor clearly favors Plaintiff because Plaintiff had no opportunity to increase his profit. Request for Admission No. 15. He was paid a set hourly wage that was determined without his input. Decl. Sostaita ¶ 10, 12–13. Plaintiff had no control over the work he took on; he was assigned projects and destinations and was not permitted to refuse an assignment given. Request for Admission No. 5–7; Decl. Sostaita ¶ 14.

Nor could Plaintiff increase his profits by hiring subcontractors or working for another entity. Plaintiff could not hire subcontractors to increase his profit because he did not own the equipment or materials he used to perform his job duties for Defendants. Decl. Sostaita ¶ 11. Plaintiff had no opportunity to work for another company because Plaintiff worked for defendants from 6:30 am until 7:00 pm Monday through Friday. *Id.* at ¶ 20. Even assuming Defendants permitted their workers to perform labor for another concrete construction company, they did not structure their employees' schedules such that it was a realistic opportunity. Rather, Defendants treated their workers like employees and expected them to work during regular business hours. *Id*. The only manner in which Plaintiff could have increased his profit margin during his employment was to ask

Page 9 of 18
Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB
Brief in Support of Motion for Summary Judgment

Defendants for an increase in his hourly wage. This factor weighs in favor of employee status.

      iv.    *Plaintiff's skill in performing his job.*

"[T]he fact that workers are skilled is not itself indicative of independent contractor status." *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1060 (2d Cir. 1988). A worker may possess technical skills, but he or she must also use those skills in an independent manner for this factor to weigh in favor of the putative employer. *Id*. *See also Roslov v. DirecTV Inc.,* 218 F. Supp. 3d 965, 977 (E.D. Ark. 2016) (citing to *Brock* in support of the finding that cable technicians who used their skills to solicit independent customers were independent contractors). Plaintiff's work required no technical skills, nor did he use any theoretical skills in an independent manner. Plaintiff's job with Defendants was to drive a dump truck, which required no special skillset or training. Decl. Sostaita ¶ 9.

Moreover, Plaintiff did not exercise the initiative normally associated with independent business owners. Plaintiff performed the work that Defendants directed him to perform for Defendants' customers; Plaintiff did not have his own customers. Decl. Sostaita ¶ 9. Plaintiff was not involved in obtaining new customers, and Defendants never encouraged Plaintiff to seek new business on their behalf. *Id*. at ¶ 14. Plaintiff was not in open market competition with other dump truck drivers who worked for Defendants; they all simply drove trucks to wherever they were instructed to go. *Id*. at ¶ 9. Plaintiff did not submit bids regarding the work he performed for Defendants; he merely showed and up received an hourly wage for his work performed. *Id*. at ¶ 10.

**Page 10 of 18**
**Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB**
**Brief in Support of Motion for Summary Judgment**

      *v.     Plaintiff understood his position to be indefinite.*

The standard for analyzing the definiteness of a position is not whether the position was incapable of being terminated but rather whether the parties understood that the relationship was ongoing and indefinite. *Dole v. Snell*, 875 F.2d 802, 811 (10th Cir. 1989) ("'Independent contractors' often have fixed employment periods and transfer from place to place as particular work is offered to them, whereas 'employees' usually work for only one employer and such relationship is continuous and of indefinite duration."). "In evaluating permanence, courts have considered whether the work was for a fixed term, the exclusivity of the individual's relationship with the company, and whether the amount of work fluctuated." *O'Dell*, 2023 U.S. Dist. LEXIS 53084, at *45 (citing *Roslov*, 218 F. Supp. 3d at 975, 977). Plaintiff was not hired for a fixed term or single project; he was hired to drive dump trucks for whatever project Defendants sent him to until either he or Defendants ended the relationship. Request for Admission No. 13; Decl. Sostaita ¶ 15. Plaintiff worked exclusively for Defendants, and Defendants' scheduled Plaintiff to work such that performing dump truck driving for another concrete business would not have been meaningfully possible. *Id*. at ¶ 20. Plaintiffs' amount of work did not fluctuate; he worked from 6:30 am to 7:00 pm, Monday through Friday, performing whichever assignments Defendants gave him during that time period. *Id*. This factor weighs in Plaintiff's favor.

      *vi.    Plaintiff's job duties were integral to Defendants' business.*

Plaintiff's job was integral to Defendants' business because without employees to transport tools, materials and equipment to Defendants' customer job sites, Defendants

Page 11 of 18
**Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB**
**Brief in Support of Motion for Summary Judgment**

would not be able to perform concrete construction services. Request for Admission No. 11; Decl. Sostaita ¶ 9.

Defendants exercised exclusive control over Defendants' business operations, invested in the business in amounts that vastly outweigh any investments from Plaintiff, exclusively controlled Plaintiff's opportunity for profit and loss, brought Plaintiff on to work for an open-ended and indefinite period, to work in a position integral to Defendants' business. Not a single factor weighs in Defendants' favor. The economic reality of this relationship was very clearly and obviously one of employer and employee. Summary judgment should be granted in Plaintiff's favor on this issue.

**B.   Defendant Sanchez is individually liable as an employer.**

As owner and operator of Defendant Sanchez Concrete, Sanchez set policies and procedures that affected control over employees such as Plaintiff's work such that he is an "employer" under the FLSA. Sanchez's physical presence and personal oversight, as well as the policies he enacted and control over Sanchez Concrete he exerted, set the standards for the day-to-day operations and functions of Plaintiff's job duties. Sanchez's control was felt through Plaintiff's employment such that he was Plaintiff's employer under the FLSA.

1. <u>Legal Standard: Employers under the FLSA.</u>

"The [FLSA] statute is a remedial one, written in the broadest possible terms so that the minimum wage provisions would have the widest possible impact in the national economy." *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984). To that end, the FLSA defines employment with a "striking breadth" that "stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict

Page 12 of 18
**Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB**
**Brief in Support of Motion for Summary Judgment**

application of traditional agency law principles." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992). The test is, once again, one of "economic reality," rather than "technical concepts." *See Karlson*, 860 F.3d at 1092 (quoting *Tony & Susan Alamo Found.* 471 U.S. at 301); *Goldberg v. Whitaker House Cooperative, Inc.*, 366 U.S. 28, 33 (1961); *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012). Key factors under this test of economic reality include whether an alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010) (citing *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990)); *see also Irizarry v. Catsimatidis*, 722 F.3d 99 (2d Cir. 2013); *Baker v. Stone County*, 41 F. Supp. 2d 965, 980 (W.D. Mo. 1999) (applying the same four-factor test).

"On its face, the definition of 'employer' can be read to cover owners or officers of a corporation in their individual capacities." *Wandrey v. CJ Prof'l Satellites, Inc.*, No. 5:14-CV-05087, 2014 U.S. Dist. LEXIS 125971, at *8 (W.D. Ark. Sep. 9, 2014) (citing *Darby v. Bratch*, 287 F.3d 673, 681 (8th Cir. 2002)). A corporate officer with operational control over the corporation's day-to-day functions may be an employer as contemplated by the FLSA if the officer supervises the relationship between the corporation and its employees. *See Wirtz v. Pure Ice Co., Inc.*, 322 F.2d 259, 262–63 (8th Cir. 1963). Likewise, the Eighth Circuit has held that "an individual who was the primary shareholder, as president and general manager, of a corporation, and who engaged in 'active management' of the corporation' such as hiring and setting wages 'could be an employer under the FLSA.'"

**Page 13 of 18**
**Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB**
**Brief in Support of Motion for Summary Judgment**

*Wandrey*, 2014 U.S. Dist. LEXIS 125971, at *9 (quoting *Chambers Constr. Co. v. Mitchell*, 233 F.2d 717, 724 (8th Cir. 1956)).

Courts have found individual executives of various companies to be employers for FLSA purposes even when those individuals had almost no interaction with employees and delegated almost all supervision and management to others. *See, e.g.*, *Hicks v. Lindsey Mgmt. Co.*, No. 3:18-cv-00133 KGB, 2019 U.S. Dist. LEXIS 221298, at *16-17 (E.D. Ark. Sep. 5, 2019 (finding a question of fact as to whether the owner was an employer when he "overs[aw] the executive management of the accounting, human resources[,] and legal departments," but did not have "any operational control over the employees."); *White v. 14051 Manchester, Inc.*, 301 F.R.D. 368, 389 (E.D. Mo. 2014) (executive was an employer even though she had little contact with employees because "she drafted at least part of the employee handbook and she signed the employees' paychecks."); *Rikard v. U.S. Auto Prot., LLC*, No. 4:11CV1580 JCH, 2013 U.S. Dist. LEXIS 134704, at *15–16 (E.D. Mo. Sep. 20, 2013) (executive was an employer because he "attended marketing meetings, met with [the company's] accountants, handed out bonus checks to managers, disciplined and ultimately terminated [an employee], and eventually decided to close the company); *Saunders v. Ace Mortg. Funding, Inc.*, No. 05-1437 (DWF/SRN), 2007 U.S. Dist. LEXIS 85392, at *13–15 (D. Minn. Nov. 16, 2007) (owners were employers because they formulated and implemented employee payment plans; were responsible "either directly or indirectly" for hiring and firing employees, and were specifically responsible for hiring the supervisors who oversaw other employees; "[a]nd they had a significant financial stake in [the company], as evidenced by their 20%

Page 14 of 18
Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB
Brief in Support of Motion for Summary Judgment

ownership interest in the company as well as their 2006 capital contribution and personal guarantees on the company's line-of-credit.").

2. <u>Sanchez was an individual employer under the FLSA and the AMWA.</u>

Based on the broad definition of employer described above, Sanchez is clearly liable as Plaintiff's employer under the FLSA. Sanchez was intimately involved in the day-to-day operations of Sanchez Concrete. As described above, the FLSA does not even require individual employers to personally hire or fire employees, set specific schedules or control work conditions, or maintain employment records, so long as that individual has sufficient control over those who do hire and fire, set schedules, or maintain work conditions. Sanchez, as owner and president of Sanchez Concrete, was not only the brain and impetus behind all of the policies that affected Plaintiff's employment, he was also the day-to-day manager who directed Plaintiff's work and set his schedule.

Sanchez took a direct and active role in the policies and procedures that dictated the way Plaintiff performed his job duties. Sanchez personally hired Plaintiff, told him what his hourly wage would be, and terminated Plaintiff's employment. Request for Admission No. 1–2, 4, 9; Decl. Sostaita ¶ 6, 10. Sanchez set Plaintiff's schedule: he told Plaintiff when to show up, where to go while and what tasks to perform, and when Plaintiff could leave. Request for Admission No. 5; Decl. Sostaita ¶ 8, 16. Sanchez determined the rate and method of Plaintiff's pay. Request for Admission No. 2. As the owner and operator of Sanchez Concrete, Sanchez is the impetus behind all policies implemented at Sanchez Concrete, and so it was Sanchez who decided to pay Plaintiff an hourly rate with no overtime premium, and it was Sanchez who decided to misclassify Plaintiff as an independent contractor. Request for Admission No. 2; *see Holmes v. Stetson Courier,*

Page 15 of 18
Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB
Brief in Support of Motion for Summary Judgment

*Inc.*, No. 4:20-cv-191-DPM, 2022 U.S. Dist. LEXIS 193488, at *3–4 (E.D. Ark. Oct. 24, 2022) (noting that the individual defendant personally determined to classify the plaintiffs as independent contractors, which was the impetus behind the lawsuit). Finally, Sanchez maintained Plaintiff's employment records. Sanchez tracked Plaintiff's time and signed his paychecks. Decl. Sostaita ¶ 7, 19.

Sanchez's role and engagement at Sanchez Concrete meets all four requirements for a determination of individual liability as an employer. Plaintiff is entitled to summary judgment on whether Sanchez acted as Plaintiff's employer.

**C.    Plaintiff's Damages Consist of Unpaid Wages, an Equal Amount as Liquidated Damages, and a Reasonable Attorney's Fee.**

Plaintiff was scheduled to work, and in fact worked, more than 40 hours during every week that he worked for Defendants. Decl. Sostaita ¶ 20. Defendants' regular business hours were Monday through Friday, 8:00 am to 5:00 pm. *Id*. Defendants demanded that their employees be at a customer's work site by 8:00 am, so Plaintiff arrived at work at 6:30 am to prep and load the trucks. *Id*. Likewise, Defendants required Plaintiff to be on-site with a customer until 5:00 pm, but Plaintiff had to return to Defendants' business to unload and clean the trucks. *Id*. Plaintiff usually ended his workday around 7:00 pm. Accordingly, Plaintiff estimates that he worked between 20 and 25 hours of overtime each week of his employment. *Id*. at ¶ 21. Plaintiff received an hourly wage of $20.00 per hour for each hour he worked but was not paid an overtime premium of 1.5 times his regular rate ($30.00) for his overtime worked. *Id.* at ¶ 22. Defendants are liable to Plaintiff for the overtime premium owed for each of his hours worked over 40 during his employment with Defendants.

Page 16 of 18
Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB
Brief in Support of Motion for Summary Judgment

Both the FLSA and the AMWA provide for an award of liquidated damages in an amount equal to the plaintiff's actual damages. 29 U.S.C. § 216(b); Ark. Code Ann. § 11-4-218(a)(1)(B). Under the FLSA, "[a]n award of liquidated damages is mandatory unless the employer can show good faith and reasonable grounds for believing that it was not in violation of the FLSA." *Jarrett v. ERC Props.*, 211 F.3d 1078, 1083 (8th Cir. 2000) (internal quotation marks omitted). Here, Defendants treated Plaintiff as an employee, paid Plaintiff as an employee, and held Plaintiff out to their customers as an employee, and has presented no evidence that they had a good-faith belief, reasonable or otherwise, that it was lawful to classify Plaintiff as an independent contractor. Therefore, Plaintiff is entitled to an automatic award of liquidated damages.

Lastly, an award of reasonable attorneys' fees and costs to prevailing plaintiffs is mandatory under the FLSA. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) ("An award of attorney fees to a prevailing plaintiff under § 216(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge."). The AMWA also provides that a court may award costs and a reasonable attorney's fee against "[a]ny employer who pays any employee less than the minimum wages, including overtime compensation . . . to which the employee is entitled under or by virtue of [the AMWA]." Ark. Code Ann. § 11-4-218(a). Therefore, Plaintiff asks leave of the Court to file a motion for fees and costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

**Page 17 of 18**
**Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB**
**Brief in Support of Motion for Summary Judgment**

## V.     CONCLUSION

Because all material facts giving rise to Defendants' liability to Plaintiff are undisputed, this Court should enter Summary Judgment against Defendants in Plaintiff's favor, award damages and an equal amount in liquidated damages, and a reasonable attorney's fee to be determined upon separate motion.

Respectfully submitted,

**PLAINTIFF MARCELO SOSTAITA**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Sean Short, do hereby certify that on May 29, 2024, a true and correct copy of the foregoing was sent via U.S. Mail to the *pro se* party named below:

Sanchez Concrete, LLC
Alejandro Sanchez
2319 Brasco Road
Jacksonville, Arkansas 72076

Alejandro Sanchez
2319 Brasco Road
Jacksonville, Arkansas 72076

/s/ Sean Short
**Sean Short**

Page 18 of 18
Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB
Brief in Support of Motion for Summary Judgment