IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARCELO SOSTAITA, Individually**     **PLAINTIFF**
**and on Behalf of All Others Similarly**
**Situated**

vs.     No. 4:23-cv-54-KGB

**SANCHEZ CONCRETE LLC, and**     **DEFENDANTS**
**ALEJANDRO SANCHEZ**

### STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Marcelo Sostaita ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys of Sanford Law Firm, PLLC, pursuant to Local Rule 56.1, states that the following facts are not the subject of genuine disputes and are all the facts material to his Motion for Summary Judgment:

1. Plaintiff served Defendants Sanchez Concrete LLC and Alejandro Sanchez (collectively "Defendants") with written discovery, including interrogatories, requests for production, and requests for admission, on February 14, 2024. *See* Pl.'s Requests for Admissions to Def. Alejandro Sanchez ("Requests for Admission"), attached as Ex. 2. Because Defendants did not respond to Plaintiff's discovery requests within 30 days of service, all of Plaintiff's requests for admission must be deemed admitted by Defendants pursuant to Federal Rule of Civil Procedure 36.

Page 1 of 4
Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB
Plaintiff's Statement of Undisputed Material Facts

2. Defendant Sanchez Concrete LLC ("Sanchez Concrete") is a concrete construction business owned and operated by Defendant Alejandro Sanchez ("Sanchez"). Decl. of Marcelo Sostaita ("Decl. Sostaita") ¶ 4, attached as Ex. 1.

3. As owner and operator, Sanchez controls the day-to-day business operations of Sanchez Concrete. Decl. Sostaita ¶ 5; Request for Admission No. 1.

4. Sanchez set all policies regarding pay for Sanchez Concrete employees including wages and overtime premiums. Decl. Sostaita ¶ 7; Request for Admission No. 2.

5. Sanchez hired Plaintiff to work for Sanchez Concrete and terminated his employment. Decl. Sostaita ¶ 6; Requests for Admission No. 4, 9.

6. Sanchez set Plaintiff's work schedule and controlled the manner in which Plaintiff performed his job duties by telling Plaintiff when to arrive and where to drove the dump truck that Plaintiff drove for Defendants. Decl. Sostaita ¶ 8–9; Requests for Admission No. 5–8.

7. As a dump truck driver, Plaintiff drove Defendants' dump trucks and materials to Defendants' customers' job sites in order that Defendant could accomplish its business purpose of pouring concrete. Decl. Sostaita ¶ 9; Request for Admission No. 10–11.

8. Defendants treated Plaintiff as an employee and presented Plaintiff as an employee to customers and clients. Request for Admission No. 12.

9. During his employment with Defendants, Defendants paid Plaintiff an hourly wage. Decl. Sostaita ¶ 10. He did not set his own wages but accepted what Sanchez told him he would be paid. *Id*. at ¶ 13.

Page 2 of 4
Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB
Plaintiff's Statement of Undisputed Material Facts

10.     Plaintiff did not invest in Defendants' business, nor could he earn profits or suffer losses through his own independent efforts and decision-making with the company. *Id*. at ¶ 11–13; Request for Admission No. 14.

11.     Defendants hired Plaintiff to work for an indefinite period. Decl. Sostaita ¶ 15; Request for Admission No. 13. Plaintiff was not hired to work for one specific job or service; he was hired to work for Defendants until either party terminated the relationship. Decl. Sostaita ¶ 15.

12.     Plaintiff was not permitted to accept jobs or customers on Defendants' behalf. Decl. Sostaita ¶ 14. Likewise, Plaintiff risked discipline up to and including termination of he refused to perform the job that Sanchez directed him to perform. *Id*. at ¶ 16.

13.     Defendants required Plaintiff to wear a shirt with the company logo on it when he worked at Defendants' customers' job sites. Decl. Sostaita ¶ 18.

14.     Plaintiff tracked his time by reporting to Sanchez when he arrived and when he left. Decl. Sostaita ¶ 19. Sanchez did not keep an accurate log of Plaintiff's hours worked. *Id.*; Request for Admission No. 16.

15.     Plaintiff worked well over 40 hours per week during his average workweek with Defendant. Decl. Sostaita ¶ 20; Request for Admission No. 17. Monday through Friday, Plaintiff arrived at work at 6:30 am in order to prep and load Defendants' trucks and equipment, worked from 8:00 am to 5:00 pm at Defendants' customers' job sites, then returned, unloaded and cleaned the trucks and materials until around 7:00 pm. Decl. Sostaita ¶ 20.

Page 3 of 4
Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB
Plaintiff's Statement of Undisputed Material Facts

16. Accordingly, Plaintiff worked 20 to 25 hours of overtime during each week of his employment. Decl. Sostaita ¶ 21.

17. Defendants did not pay Plaintiff an overtime premium for the hours over 40 that Plaintiff worked in a workweek. Decl. Sostaita ¶ 22; Request for Admission No. 15.

Respectfully submitted,

**PLAINTIFF MARCELO SOSTAITA**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Sean Short, do hereby certify that on May 29, 2024, a true and correct copy of the foregoing was sent via U.S. Mail to the *pro se* party named below:

Sanchez Concrete, LLC
Alejandro Sanchez
2319 Brasco Road
Jacksonville, Arkansas 72076

Alejandro Sanchez
2319 Brasco Road
Jacksonville, Arkansas 72076

/s/ Sean Short
**Sean Short**

Page 4 of 4
Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB
Plaintiff's Statement of Undisputed Material Facts