IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARCELO SOSTAITA, Individually**     **PLAINTIFF**
**and on Behalf of All Others Similarly**
**Situated**

vs.     No. 4:23-cv-54-KGB

**SANCHEZ CONCRETE LLC, and**     **DEFENDANTS**
**ALEJANDRO SANCHEZ**

### PLAINTIFF'S BRIEF ON DAMAGES, FEES AND COSTS

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Arkansas Minimum Wage Act ("AMWA") A.C.A. § 11-4-201 *et seq.*, to recover minimum wages and overtime wages owed to Plaintiff Marcelo Sostaita ("Plaintiff") by his employers, Sanchez Concrete LLC and Alejandro Sanchez (collectively "Defendants"). On July 15, this Court granted Plaintiff's Motion for Summary Judgment, finding that Defendants had misclassified Plaintiff as an independent contractor and that Defendant Alejandro Sanchez was individually liable to Plaintiff as Plaintiff's joint employer with Defendant Sanchez Concrete LLC. ECF No. 10. Pursuant to the Court's instructions in the Order granting summary judgment, Plaintiff provides the following brief and additional record evidence regarding the damages and attorneys' fees and costs he is owed by Defendants.

Page 1 of 17
Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB
Plaintiff's Brief on Damages, Fees and Costs

A. **Damages: Plaintiff is owed an overtime premium for the hours he worked over 40 in each week of his employment**

In granting Plaintiff's Motion for Summary Judgment, the Court determined that Plaintiff was misclassified as an independent contractor, and as such he is owed an overtime premium for the hours he worked in excess of forty per week.

1. <u>Legal Standard: Plaintiff may use his best recollection of overtime worked to prove his damages.</u>

The FLSA and AMWA[1] require employers to pay their employees minimum wages for all hours worked, and overtime wages at a rate of one and one-half times the employees' "regular rate" for all hours worked over forty per week, unless a valid exemption applies. *See* 29 U.S.C. § 206, 207; 29 U.S.C. § 213; Ark. Code Ann. § 11-4-210, 211. To ensure that its minimum wage and overtime requirements are met, the FLSA imposes requirements on the employer of keeping records of an employee's hours worked. 29 C.F.R. § 516.2(a)(7), 516.3. Although employees carry the burden of proving the extent of work performed that was not properly compensated, that burden is relaxed where the employer fails to fulfill its obligation of keeping accurate records containing the information required under the FLSA. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–688 (1946). Without this burden-shifting provision, an employee would

---

[1] Although the *Mt. Clemens* burden-shifting provision was created under the FLSA, it is also applicable to claims under the AMWA. Arkansas regulations specifically permit reliance on the interpretations of federal precedent established under the FLSA in interpreting and applying the provisions of the AMWA and Rule 010.14-100 through 010.14-113, "except to the extent a different interpretation is clearly required." Admin. Reg. Labor Standards Div. Ark. Dep't. of Labor Rule 010.14-112. To the extent that "a different interpretation is clearly required," in this case, it is that the AMWA should be construed even more favorably to Plaintiffs than the FLSA based on the AMWA's explicit directives that it "shall be liberally construed in favor of its purposes." Ark. Code Ann. § 11-4-204(b).

**Page 2 of 17**
**Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB**
**Plaintiff's Brief on Damages, Fees and Costs**

essentially be penalized, and the employer rewarded, for the employer's failure to comply with the record-keeping requirements of the FLSA. *Id.*[2]

Where an employer has not maintained adequate or accurate records of hours worked, an employee need only produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Mt. Clemens*, 328 U.S. at 687. This "proof" may be nothing more than the employee's own credible sworn testimony. *Arias v. United States Service Industries Inc.*, 80 F.3d 509 (D.C. Cir. 1996). In other words, the employee may simply testify to the best of his recollection regarding the approximate amount of hours worked, and an employer who has failed to fulfill its duty under the FLSA to maintain records which could have been used to rebut the employee's testimony must bear the burden of any consequent imprecision in calculating damages. *Martin v. Selker Bros., Inc.*, 949 F.2d 1286 (3rd Cir. 1991); *Mt. Clemens*, 328 U.S. 680 (1946).[3]

Defendants did not keep records of the hours that Plaintiff worked. Rather than tracking Plaintiff's time via timesheet or punch clock, Plaintiff instead reported his arrival and departure from work directly to Defendant Alejandro Sanchez who may or may not

---

[2] *See also Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985); *Gomez v. Tyson Foods, Inc.*, 2013 U.S. Dist. LEXIS 142586, *30 (D. Neb. Oct. 2, 2013) (noting that an employer who fails to comply with the requirement that it maintain adequate employment records "pays for that failure at trial by bearing the lion's share of the burden of proof") (citing *Secretary of Labor v. DeSisto*, 929 F.2d 789, 792 (1st Cir. 1991)).

[3] *See also Mt. Clemens*, 328 U.S. at 688 ("The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of [the FLSA]."); *Baden-Winterwood v. Life Time Fitness, Inc.*, 729 F. Supp. 2d 965, 991–992 (S.D. Ohio 2010) ("The Court must determine the amount of uncompensated hours each testifying plaintiff worked. That determination is by necessity imprecise, involving estimates and averages, since Defendant failed to keep records of the precise time Plaintiff worked."); *Mitchell v. Reynolds*, 125 F. Supp. 337 (W.D. Ark. 1954) (although the employer was free to ask employees to keep their own records of hours, the employer did so at its own risk and having done so, did not escape its FLSA obligations).

**Page 3 of 17**
**Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB**
**Plaintiff's Brief on Damages, Fees and Costs**

have maintained a log of some kind but has not produced any such log in this case. Decl. of Marcelo Sostaita ("Decl. Sostaita") ¶ 6, attached as Ex. 1. *See also* Request for Admission No. 16, ECF No. 7-2 (stating that Defendants did not keep accurate records of the hours Plaintiff worked and deemed admitted under Rule 36). Accordingly, Plaintiff may use his best recollection to create a just and reasonable inference of the unpaid overtime he is owed.

2. Legal Standard: Defendants owe Plaintiff both back wages and liquidated damages.

Because Defendants did not pay Plaintiff at a rate of one-and-one-half times his regular rate of pay for the hours he worked over 40 each week, Defendants owe Plaintiff back wages in the form of an overtime premium for his overtime hours worked. Decl. Sostaita ¶ 5. *See also* Request for Admission No. 15, ECF No. 7-2 (stating that Defendants did not pay Plaintiff one and one-half times Plaintiff's regular hourly rate for the hours Plaintiff worked over 40 and deemed admitted under Rule 36). The FLSA and AMWA create certain financial obligations upon employers such as Defendants, including the requirements of minimum wages and that for every hour worked in excess of forty per week, the employer must pay a premium rate of one and one-half times the employee's normal hourly rate. 29 U.S.C. § 206, 207; Ark. Code Ann. § 11-4-210; Ark. Code Ann. § 11-4-211. This Court determined on summary judgment that Defendants are Plaintiff's employers, and accordingly it is their obligation to compensate Plaintiff pursuant to the FLSA.

Moreover, when an employer is found to have violated the overtime and minimum wage requirements of the FLSA, the employer "shall be liable" to the employee for liquidated damages in an amount equal to the amount of wages owed. 29 U.S.C. § 216.

Page 4 of 17
Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB
Plaintiff's Brief on Damages, Fees and Costs

Liquidated damages are not penal in nature but represent compensation to the employee for otherwise obscure and difficult to prove damages. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945). Subject to the discretion of the Court, an employer may be wholly or partially relieved of his duty to pay liquidated damages only if the employer proves "that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act." 29 U.S.C. § 260.

An employer who violates the FLSA carries the burden of proving its claim of good faith and reasonable grounds, and the employer must show that it acted in both objective and subjective good faith, which requires that an employer demonstrate that it "took affirmative steps to ascertain the [FLSA's] requirements but nonetheless violated its provisions." *Martin v. Ind. Mich. Power Co.*, 381 F.3d 574, 584 (6th Cir. 2004); *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008). Liquidated damages are "the norm" where an FLSA violation is found. *Id*.

3. <u>Plaintiff's testimony shows the amount and extent of that work as a matter of just and reasonable inference.</u>

Plaintiff was expected to be working at a customer's job site from 8:00 am to 5:00 pm, which are Defendants' normal business hours. Decl. Sostaita ¶ 8–10. Before Plaintiff could begin working at a customer's job site, he had to get his job assignment, load the necessary equipment, and wait while the truck was loaded. *Id*. at ¶ 9. This process took between 1.5 and 2 hours. *Id*. Likewise, Plaintiff was not permitted to go directly home from a customer's job site at 5:00 pm. *Id*. at ¶ 10. Plaintiff had to return to the yard to unload and clean Defendants' equipment and make sure everything was properly put

Page 5 of 17
Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB
Plaintiff's Brief on Damages, Fees and Costs

away. *Id*. This process too about two hours. *Id*. Accordingly, Plaintiff worked an average of 20 hours of overtime each week. *Id*. at ¶ 11.

Plaintiff was paid an hourly rate of $20.00 for every hour he worked, including the hours he worked over 40. *Id*. at ¶ 12. Because Plaintiff should have been paid $30.00 per hour for the hours he worked over 40, Defendants owe Plaintiff $10.00 per hour for his overtime hours to compensate Plaintiff at the overtime premium rate of one-and-one-half times his hourly rate. Plaintiff worked for Defendants from November of 2020 until April of 2021, and then again from November of 2021 to April of 2022. Decl. Sosaita ¶ 3. Altogether, Plaintiff worked for Defendants for 52 weeks. *Id*. at ¶ 4. Based on the foregoing, Defendants owe Plaintiff $10,400.00 in back wages ($10.00 per hour x 20 hours per week x 52 weeks of employment), plus an equal amount in liquidated damages for a total of $20,800.00.

**B.     Attorneys' Fees and Costs: As a prevailing Plaintiff, Plaintiff is owed an award of reasonable attorneys' fees and costs.**

An award of reasonable attorneys' fees and costs to prevailing plaintiffs is mandatory under the FLSA. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) ("An award of attorney fees to a prevailing plaintiff under § 216(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge."). The AMWA also provides that a court may award costs and a reasonable attorney's fee against "[a]ny employer who pays any employee less than the minimum wages, including overtime compensation . . . to which the employee is entitled under or by virtue of [the AMWA]." Ark. Code Ann. § 11-4-218(a).

Page 6 of 17
Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB
Plaintiff's Brief on Damages, Fees and Costs

1. <u>Legal Standard: Calculation of Fees</u>

A court determines a reasonable fee with a two-step process. *See Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). A court first evaluates the fee petition of a prevailing party and determines the "lodestar," and then determines if the lodestar should be adjusted, based on various factors, discussed below. *Id*. The "lodestar" is "the product of the number of hours reasonably expended on the litigation and the reasonable hourly rate at which those hours should be billed." *West v. Border Foods, Inc.*, No. 05-2525 (DWF/RLE), 2007 U.S. Dist. LEXIS 43423, at *6 (D. Minn. June 8, 2007). "The relevant issue…is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990); *See also Jenkins*, 127 F.3d at 718 (noting that the "court's focus should not be limited to the success/failure of each of the attorney's actions," but rather whether the actions were reasonable at the time).

There is a strong presumption in favor of awarding the lodestar figure. *Beauford v. ActionLink, LLC*, No. 4:12-cv-139-JLH, 2014 U.S. Dist. LEXIS 5039, at *21–22 (E.D. Ark. Jan. 15, 2014). Factors to consider in analyzing a reasonable fee include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Page 7 of 17
Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB
Plaintiff's Brief on Damages, Fees and Costs

*Gay v. Saline Cty.*, No. 4:03CV00564 HLJ, 2006 U.S. Dist. LEXIS 76852, at *7 (E.D. Ark. Oct. 20, 2006). (quoting *Hensley*, 461 U.S. at 430 n. 3). These factors should rarely be used to adjust the fee because many are already subsumed within the lodestar. *See Blum v. Stenson*, 465 U.S. 886, 898–900 (1984).[4] Also, "the court need not exhaustively address every factor." *Sherman v. Kasotakis*, 314 F. Supp. 2d 843, 882 (N.D. Iowa 2004).

Finally, the burden of identifying unreasonable billing can be placed on the losing party because it has both the incentive and the knowledge of the case to point it out. *Moreno*, 534 F.3d at 1116. If the losing party "cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut," meaning a cut of no more than ten percent. *Id.* at 1112, 1115.

2. <u>Plaintiff's requested lodestar is reasonable.</u>

As shown on the Billing Spreadsheet attached as Exhibit 1 to Plaintiffs' Motion for Costs and Attorneys' Fees, Plaintiffs request $4,725.00 in attorneys' fees. SLF's hourly rates are reasonable, and the attorneys' fees incurred were reasonable and necessary to the prosecution of this case. Thorough, contemporaneous documentation of SLF's time adequately supports the number of hours expended in litigating this matter.

    i.    *The hours billed by SLF are reasonable.*

Both the total amount of fees requested and the individual time entries detailed in the Billing Spreadsheet reflect reasonable billing. Each task recorded was necessary to

---

[4] *See also Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 565–66 (1986); *Saizan v. Delta Concrete Prods. Co.*, Inc. 448 F.3d 795, 800 (5th Cir. 2006); *Beauford*, 2014 U.S. Dist. LEXIS 5039, at *21–22.

Page 8 of 17
**Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB**
**Plaintiff's Brief on Damages, Fees and Costs**

the resolution of this matter, and the time spent on each task was reasonable. Declaration of Josh Sanford ("Decl. Sanford") ¶ 27–32, attached as Ex. 3.

Plaintiff filed this case on January 24, 2023. ECF No. 1. Plaintiff kept billing to a minimum; the bulk of the work done was in pursuing Plaintiff's victorious summary judgment motion, in drafting the discovery that was crucial to that victory, and in drafting this Motion. *See* Billing Invoice, attached as Ex. 2. This work was reasonably expended and necessary to the outcome of the case. Based on the work performed, the number of hours requested is facially reasonable. Fees incurred at various phases and types of work are summarized in the chart below:

| Category | Time Claimed | Value Claimed |
|---|---|---|
| Case Management | 1.2 | $150.00 |
| Client Communication | 2.3 | $400.00 |
| Complaint/Summons/Service | 2.1 | $210.00 |
| Damages Briefing | 4.0 | $975.00 |
| Damages Calculations | 0.4 | $80.00 |
| Discovery Related | 3.8 | $530.00 |
| In House Communication | 2.7 | $500.00 |
| Motion for Summary Judgment | 6.8 | $1,660.00 |
| Opposing Counsel Communication | 1.6 | $220.00 |
| Grand Total | 24.9 | $4,725.00 |

This breakdown of hours worked into discrete categories aids understanding of the fees incurred and further supports the reasonableness of the fees requested. *See Copely v. Superior Logistics Alt., Inc.*, No. 1:10-cv-9-MEF, 2011 U.S. Dist. LEXIS 33841, at *5

Page 9 of 17
Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB
Plaintiff's Brief on Damages, Fees and Costs

(M.D. Ala. Mar. 30, 2011) ("A well-prepared fee petition also would include a summary, grouping time entries by nature of the activity or state of the case.").

SLF reduced billing in a good-faith effort to exclude potentially excessive, redundant, or otherwise unnecessary hours, and simply to make billing more reasonable. *See Hensley*, 461 U.S. at 434; Decl. Sanford ¶ 47–50; Ex. 1, Billing Spreadsheet.[5] For example, SLF audited billing and deducted items for which billing insufficiently described how the time was spent and for clerical or administrative work, among other reductions. Decl. Sanford ¶ 33, 48–50. Efforts to voluntarily reduce fees further support the lodestar requested. After subtracting hours billed through the exercise of billing judgment, SLF requests an award of fees for 24.9 hours of legal services.

Plaintiff took several steps to reduce concerns of overstaffing. *See Carden v. Logan Ctrs., Inc.*, No. 3:19-cv-167-DPM, 2022 U.S. Dist. LEXIS 179483 (E.D. Ark. Sep. 28, 2022). The attorneys who worked on this case performed necessary tasks that did not result in inefficiency or duplication of effort. Attorney Sean Short managed the case the case from its inception and Attorney Rebecca Matlock, as one of SLF's drafting attorneys, drafted both the Motion for Summary Judgment and this Motion. There is zero duplication or crossover in the work performed. *See* Billing Spreadsheet. SLF also appropriately utilized the assistance of support staff such as Paralegals. Work performed by paralegals that would have been performed by attorneys is compensable and helps keep the cost of litigation down. *See Miller v. Alamo*, 983 F.2d 856, 862 (8th Cir. 1993). The work performed by support staff in this case meets this standard.

---

[5] Billing entries that were wholly deducted from Plaintiffs' fee request were removed from the Billing Spreadsheet entirely but can be produced upon request. *See* Decl. Sanford ¶ 50.

Page 10 of 17
**Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB**
**Plaintiff's Brief on Damages, Fees and Costs**

There is a strong presumption in favor of the resulting lodestar figure. *West*, 2007 U.S. Dist. LEXIS 43423, *6; *Beauford*, 2014 U.S. Dist. LEXIS 5039, at *21–22. While a Court's experience regarding the amount of fees that might be reasonable in a particular case may guide this analysis, it is not a substitute for the lodestar analysis. *Murphy v. Vaive Wood Prods. Co.*, 802 F. App'x 930, 937 (6th Cir. 2020). However, judicial experience supports the total amount requested is reasonable.

At each step in this case, the work performed by SLF was reasonable and necessary to the progress of the litigation and was performed with prudence and efficiency. Counsel kept thorough contemporaneous records of this work. Decl. Sanford ¶ 30; Ex. 1, Billing Spreadsheet. The time spent was reasonable and necessary, and the overall billing is likewise reasonable. Therefore, Plaintiff's fee request of $4,725.00 should be granted in its entirety.

    ii.    *SLF billed at reasonable hourly rates.*

A chart detailing the lodestar amounts requested for each individual SLF attorney and support staff member, is set forth below:[6]

| Billed By | Rate | Time Claimed | Value Claimed |
|---|---|---|---|
| **Sean Short** | $200.00 | 8.7 | $1,680.00 |
| **Rebecca Matlock** | $250.00 | 9.5 | $2,375.00 |
| **Paralegal** | $100.00 | 6.7 | $670.00 |
| **Grand Total** | | 24.9 | $4,725.00 |

---

[6] The individual charges underlying the chart reflecting individual attorneys' lodestar amounts are contained in the Billing Spreadsheet (Ex. 1).

Page 11 of 17
Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB
Plaintiff's Brief on Damages, Fees and Costs

The hourly rates charged by SLF are reasonable and below the national average for complex litigation. The National Association of Legal Fee Analysis ("NALFA") reports, based on a national survey of more than 2,000 litigators, that the average rate for plaintiffs' attorneys engaged in complex litigation in 2020 was $445.00 per hour. *See* "NALFA Releases 2020 Average Hourly Rates in Litigation," NALFA, http://www.thenalfa.org/blog/nalfa-releases-2020-average-hourly-rates-in-litigation/ (last visited 5 April 2021). Most of the hourly rates requested in this case are well below this figure, although Arkansas' cost of living is only 14% lower than the rest of the nation, according to a report by the Arkansas Economic Development Commission.[7]

SLF's expertise supports the requested rates. There is no group of attorneys within 600 miles of Little Rock who have experience comparable to SLF in wage litigation. Decl. Sanford ¶ 9. Including cases currently being prosecuted throughout the country today, SLF has prosecuted over 1,300 wage cases in federal and state courts and in arbitration proceedings. *Id.*

SLF has been awarded rates comparable to the rates requested in this case. As recently as April of this year, the Western District of Arkansas awarded Attorneys Sean Short and Rebecca Matlock hourly rates of $200.00. *Payne v. Freeman Transit, LLC*, No. 2:22-cv-2113, 2024 U.S. Dist. LEXIS 77875, at *4 (W.D. Ark. Apr. 29, 2024). Attorney Matlock has been awarded an hourly rate of $225.00 multiple times. *Intres v. Neumeier Enter., Inc.*, No. 2:22-cv-02067-PKH-MEF, 2023 U.S. Dist. LEXIS 123543, at *11 (W.D. Ark. June 29, 2023); *Holcombe v. Midwest Outdoor Concepts, LLC*, No. 5:22-CV-5161,

---

[7] *See* "Cost of Living," Ark. Economic Dev. Comm'n, https://www.arkansasedc.com/why-arkansas/life-in-the-natural-state/detail/cost-of-living (last visited 5 April 2021).

Page 12 of 17
Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB
Plaintiff's Brief on Damages, Fees and Costs

2023 U.S. Dist. LEXIS 72031, at *5 (W.D. Ark. Apr. 25, 2023). Plaintiffs acknowledge that the rates requested herein are not as low as those awarded in some other cases but maintain that the rates requested are supported by both counsel's experience and relevant case law.[8]

An attorney's hourly rate is not frozen in time, but rather naturally increases over time as a result of *both* inflation and increased experience. *See McConnell v. Sw. Bell Tel. LP*, Civil Action No. 3:20-CV-1457-X, 2023 U.S. Dist. LEXIS 17493, at *6 (N.D. Tex. Feb. 2, 2023); *Veasey v. Abbott*, No. 2:13-CV-193, 2020 U.S. Dist. LEXIS 255611, at *50, fn24 (S.D. Tex. May 27, 2020) ("But the passage of time not only triggers inflation adjustments, it represents additional time in which the attorney has gained more experience and skill, justifying higher rates."). *See also Hallman v. Peco Foods, Inc.*, No. 3:19-cv-368-DPM (E.D. Ark. Oct. 16, 2023), Docket No. 186 (acknowledging that SLF's rates should be increased from what they were in 2019).

In sum, the rates requested by SLF reflect the geographic area in which SLF practices, the type of law practiced by SLF, the qualifications and experience of SLF's attorneys who worked on this case, and the resulting market value of those factors. Decl. Sanford ¶ 7–17, 19. SLF took this information into consideration when setting the appropriate rates for purposes of calculating the lodestar in this case. Decl. Sanford ¶ 19–24. Further, SLF's voluntarily reductions to billable hours make the requested hourly rates even more appropriate.

---

[8] SLF's continued requests for higher hourly rates than the rates previously awarded by courts in this district is not out of disrespect for judicial decisions but is an effort to maintain consistency while faithfully pursuing the Firm's interests. SLF believes the rates to be reasonable and well-supported, which is the only requirement for an award of fees under the FLSA.

Page 13 of 17
Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB
Plaintiff's Brief on Damages, Fees and Costs

The law is clear that attorney rates in fee-shifting cases must be set by the free market. *See Smith v. Serv. Master Corp.*, 592 F. App'x 363, 369 (6th Cir. 2014) (fee awards must consider the "prevailing market rate in the relevant community."); *Eldredge v. EDCare Mgmt.*, 766 F. App'x 901, 910 (11th Cir. 2019); *West*, 2007 U.S. Dist. LEXIS 43423, 6. While the arguments made above demonstrate that the hourly rates requested by SLF are well supported, if this Court should disagree, Plaintiffs stand ready to assist with re-calculating the lodestar using rates this Court approves.

3. *Johnson* Factors

As discussed above, the *Johnson* factors are typically reflected in the lodestar and are rarely used to justify a deviation from the lodestar amount. However, to the extent that any of the *Johnson* factors support a deviation, that deviation is upward.

With respect to the skill requisite to perform the legal service properly, SLF devotes a significant part of its practice, both in terms of time and money, to FLSA-based claims. Decl. Sanford ¶ 4–7, 9, 11–14, 19, 20, 25, 27. Specialization, such as in labor and employment law, can support a higher-than-average rate. *See*, *e.g.*, *Autrey v. Food Concepts Int'l, LP*, No. 2:13-cv-131, 2017 U.S. Dist. LEXIS 46693, at *14 n.5 (S.D. Ohio Mar. 29, 2017). Accordingly, this factor supports an upward deviation, if any.

The contingent nature of the fee is captured in the hourly rate requested. Decl. Sanford ¶ 16, 17, 23–26.[9] However, the "contingency" fee award sought by SLF in this case is not a contingency fee in the traditionally-used sense whereby an attorney takes a

---

[9] *See also Fox v. Pittsburg State Univ.*, No. 2017 U.S. Dist. LEXIS 97879, at *45 (D. Kan. June 26, 2017) (recognizing that any "contingency risk should be reflected in the lodestar in the form of a higher hourly rate for the attorney skilled and experienced enough to overcome" the financial risk of prosecuting a case on a contingency basis, "including delayed payment and the contingency fee agreement").

Page 14 of 17
Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB
Plaintiff's Brief on Damages, Fees and Costs

portion of the plaintiff's recovery. Decl. Sanford ¶ 25. Rather, SLF relies on the fee-shifting provisions of the FLSA to recover fees in this case. *Id*. However, from the time that SLF began its representation of Plaintiff, SLF faced the risk of non-payment in the event that Plaintiff did not prevail; and even in the event of success, payment to SLF is delayed for the duration of the litigation through at least the time that fees are awarded either through settlement or Court order. *Id*. at ¶ 25, 26. Therefore, this factor supports an upward deviation.

4. Costs and Expenses

Section 216(b) of the FLSA also provides for an award of costs to a prevailing plaintiff. 29 U.S.C. § 216(b); *see also* Rule 54(d) (allowing an award of costs to a prevailing party). Costs recoverable under Rule 54(d) are identified in 28 U.S.C. § 1920. "Under the FLSA, however, 'costs include reasonable out-of-pocket expenses beyond those normally allowed under Rule 54(d) and 28 U.S.C. § 1920.'" *Hendricks v. Inergy, L.P.*, 2014 U.S. Dist. LEXIS 6044, at *22 (E.D. Ark. Jan. 6, 2014) (internal editing marks omitted); *Shorter v. Valley Bank & Trust Co.*, 678 F. Supp. 1518 1523, 30 WH Cases 334 (D. Kan. 1991); *Walton v. United Consumers Club*, 786 F. 2d 303, 316, 27 WH Cases 962 (7th Cir. 1986). "Reimbursement for travel, meals, lodging, photocopying, long-distance phone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are the types of litigation expenses that are recoverable under the FLSA as part of an attorneys' fee award." *Alex v. KHG of San Antonio, LLC*, 125 F. Supp. 3d 619, 630 (W.D. Tex. 2015).

Plaintiffs seek $700.00 in costs. Costs are reflected in Plaintiff's Costs Invoice (Ex. 4), and fall into categories such as transcript fees, filing fees, service costs, postage,

Page 15 of 17
Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB
Plaintiff's Brief on Damages, Fees and Costs

copies and travel expenses. The amount is correct and was necessarily incurred, and the services giving rise to the costs were actually and necessarily performed. *See* 28 U.S.C. § 1924; Decl. Sanford ¶ 51–52. Each cost is described sufficiently to demonstrate that the cost was necessary. Accordingly, Plaintiff requests an award of all costs.

**C.     Conclusion**

Based on the foregoing, Defendants owe Plaintiff $10,400.00 in back wages, $10,400.00 in liquidated damages for a total of $20,800.00 in damages. Additionally, Defendants owe Plaintiff $4,725.00 in attorneys' fees and $700.00 in costs for a total of $5,425.00.

Respectfully submitted,

**PLAINTIFF MARCELO SOSTAITA**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 16 of 17**
**Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB**
**Plaintiff's Brief on Damages, Fees and Costs**

## **CERTIFICATE OF SERVICE**

      I, Sean Short, do hereby certify that on July 29, 2024, a true and correct copy of the foregoing was sent via U.S. Mail to the *pro se* party named below:

Sanchez Concrete, LLC
Alejandro Sanchez
2319 Brasco Road
Jacksonville, Arkansas 72076

Alejandro Sanchez
2319 Brasco Road
Jacksonville, Arkansas 72076

    */s/ Sean Short*
    **Sean Short**

**Page 17 of 17**
**Marcelo Sostaita, et al. v. Sanchez Concrete LLC, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:23-cv-54-KGB**
**Plaintiff's Brief on Damages, Fees and Costs**