**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | |
|---|---|
| **MARCELO SOSTAITA, Individually and on**<br>**Behalf of All Others Similarly Situated** | **PLAINTIFF** |
| **v.**          **Case No. 4:23-cv-00054 KGB** | |
| **SANCHEZ CONCRETE, LLC and**<br>**ALEJANDRO SANCHEZ** | **DEFENDANTS** |

## <u>ORDER</u>

Before the Court is plaintiff Marcelo Sostaita's brief on damages, fees, and costs (Dkt. No. 11), following this Court's Opinion and Order granting, in part, and denying, in part, Sostaita's motion for summary judgment (Dkt. No. 10). Defendants Sanchez Concrete, LLC, and Alejandro Sanchez have not responded, and the time for doing so has passed. For the following reasons, the Court, grants, in part, and denies, in part, Sostaita's request for an award of damages, fees, and costs as set forth herein.

### I.      Background

Sostaita brought claims against defendants Sanchez Concrete, LLC, and Alejandro Sanchez, asserting violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and the Arkansas Minimum Wage Act, Arkansas Code Annotated § 11-4-201, *et seq*. ("AMWA") (Dkt. No. 1). In its Opinion and Order, the Court granted Sostaita's motion for summary judgment on his claims that defendants violated the minimum wage provisions of the FLSA and AMWA by classifying him as an independent contractor rather than an employee (Dkt. No. 10). The Court also granted Sostaita's motion for summary judgment on his claim that Sanchez is individually liable to Sostaita for violating the minimum wage provisions of the FLSA and AMWA. However, the Court denied without prejudice Sostaita's motion for summary

judgment on damages, attorney's fees, and costs because he had not provided any information upon which the Court could calculate damages and had not provided any information to support his claim for reasonable attorney's fees and costs (Dkt. No. 10, at 13).  The Court requested further briefing from Sostaita or a hearing on damages, attorney's fees, and costs (*Id*., at 14).  Sostaita has now filed a brief on damages, fees, and costs, with supporting documentation (Dkt. Nos. 11, 11-1, 11-2. 11-3, 11-4).  Defendants have not responded to the brief, and the time for doing so has passed.

## II.      Damages Under The FLSA And AMWA

### A.      Legal Standard

The FLSA and AMWA require employers to pay their employees minimum wages for all hours worked, and overtime wages at a rate of one and one-half times the employees' "regular rate" for all hours worked over 40 per week, unless a valid exemption applies.  *See* 29 U.S.C. §§ 206, 207, 213; Ark. Code Ann. § 11-4- 210, 211.  Sostaita claims that he is entitled to unpaid overtime wages under both the FLSA and AMWA, and the Court concluded that he met his burden to show that he is entitled to unpaid overtime wages (Dkt. No. 10).  "An employee who sues for unpaid overtime 'has the burden of proving that he performed work for which he was not properly compensated.'"  *Holaway v. Stratasys, Inc.*, 771 F.3d 1057, 1059 (8th Cir. 2014) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946)).  However, in FLSA cases, the damages need not be precise.  *Mt. Clemens*, 328 U.S. at 688 ("[T]he court may. . . award damages to the employee, even though the result be only approximate.").  "If an employer has failed to keep records, employees are not denied recovery under the FLSA simply because they cannot prove the precise extent of their uncompensated work."  *Holaway*, 771 F.3d at 1059.  In that circumstance, a plaintiff can meet his burden if he "proves that he has in fact performed work

for which he was improperly compensated and if he produce[d] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Mt. Clemens*, 328 U.S. at 687. Where a plaintiff can provide such "sufficient evidence," the burden shifts to the employer "to come forward with evidence . . . to negat[e] the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687–88.

### B. Analysis

There is no dispute on the record before the Court that defendants failed to keep time records, and the relaxed standard of *Mt. Clemens* applies in this case (Dkt. No. 11-1, ¶ 6). Sostaita has provided an affidavit to meet his burden (Dkt. No. 11-1). The affidavit indicates that he worked on average 60 hours per week during his 52 weeks of employment with defendants (Dkt. No. 11-1, ¶ 11). Defendants have not come forward with evidence to dispute this assertion. Accordingly, based on the record evidence before the Court and defendants' failure to keep adequate records of the hours worked, the Court concludes that Sostaita is not required to meet the elevated evidentiary standard that applies when employers keep records and that Sostaita's affidavit is sufficient to establish the unpaid overtime that is required to be paid in this case because Sostaita has provided a detailed explanation of the extra duties that he was required to perform during overtime hours.

Under the FLSA and AMWA, an employee's remedies for a violation of the overtime compensation provision is the full amount of the wages to which the employee is entitled. *See* 29 U.S.C. § 216(c); Ark. Code Ann. § 11-4-218(a). Additionally, the employee who establishes entitlement to unpaid overtime compensation may be awarded "an additional equal amount as liquidated damages." 29 U.S.C. § 216(c).

As set forth in his affidavit, Sostaita was paid an hourly rate of $20.00 for every hour he worked, including the hours he worked over 40 (Dkt. No. 11-1, ¶ 5). Sostaita worked an average

of 60 hours per week during the 52 weeks he worked for defendants (*Id.*, ¶¶ 4, 11).  Based on the undisputed evidence in the record, Sostaita is entitled to an additional $10.00 per hour for the 20 hours of overtime he worked over 40 hours per week.  In other words, Sostaita is entitled to $10.00 per hour for 20 hours per week, which is equal to $200.00 per week, for each of the 52 weeks he worked for defendants.  The total unpaid overtime compensation that defendants owe Sostaita is $10,400.00.

The Court in its discretion finds that Sostaita is also entitled to an award of liquidated damages equal to the full amount of unpaid overtime compensation owed.  "Liquidated damages are not considered punitive, but are 'intended in part to compensate employees for the delayed payment of wages owed under the FLSA.'"  *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008) (quoting *Hultgren v. Cty. of Lancaster, Neb.*, 913 F.2d 498, 509 (8th Cir. 1990)).  The Eighth Circuit instructs that "[a]n award of liquidated damages under § 216(b) is mandatory unless the employer can show good faith and reasonable grounds for believing that it was not in violation of the FLSA."  *Braswell v. City of El Dorado*, 187 F.3d 954, 957 (8th Cir. 1999).  "The employer bears the burden of proving both good faith and reasonableness, but the burden is a difficult one, with double damages being the norm and single damages the exception."  *Chao*, 547 F.3d at 941–42 (quotation and citation omitted).  The applicable version of the AMWA's liquidated damages provision, Ark. Code Ann. § 11-4-218(a), is materially identical to the FLSA and is applied according to the same standard.  *See Fochtman v. DARP, Inc.*, Case No. 5:18-cv-5047, 2019 WL 4740510, at *12 n.17 (W.D. Ark. Sept. 27, 2019).

To show good faith, "the employer must establish an honest intention to ascertain and follow the dictates of the FLSA."  *Chao*, 547 F.3d at 942 (quotation and citation omitted).  Here, defendants have failed to carry their burden of showing that they acted in good faith, and they have

4

not come forward with any reasonable grounds for failing to pay overtime wages to Sostaita. For these reasons, the Court awards Sostaita liquidated damages in the amount of $10,400.00.

### C.     Conclusion

The Court finds that defendants are jointly and severally liable for Sostaita's unpaid overtime wages and liquidated damages.  *See Collins v. Barney's Barn, Inc.*, Case No. 4:12CV00685 SWW, 2014 WL 12639393, at *5 (E.D. Ark. Sept. 11, 2014) (concluding that individual defendants and corporation were jointly and severally liable for plaintiffs' unpaid wages); *Marin v. Aida, Inc.*, 992 F. Supp. 2d 913, 914–15 (W.D. Ark. 2014) (finding that defendant and corporation were joint employers and therefore jointly and severally liable for unpaid wages); *Solis v. Hill Country Farms, Inc.*, 808 F. Supp. 2d 1105, 1115 (S.D. Iowa 2011) *aff'd,* 469 F. App'x 498 (8th Cir. 2012) ("The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.").  The Court awards damages against defendants jointly and severally on Sostaita's FLSA and AMWA claims in the amount of $20,800.00.

### III.    Attorneys' Fees And Costs

### A.     Legal Standard

Under the FLSA, a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  The AMWA also contains a mandatory fee-shifting provision.  *See* Ark. Code Ann. § 11-4-218(a)(1)(B)(ii).  "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992).

Determining a reasonable award of attorneys' fees is a two-step process.  "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  A reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984).  "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Bryant v. Jeffrey Sand Co.*, 919 F.3d 520, 529 (8th Cir. 2019) (quoting *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005)).  The party seeking an award of fees should "submit adequate documentation supporting the number of hours claimed," and the court "may deduct hours from this initial number if counsel's documentation is inadequate." *Gay v. Saline Cty.*, Case No. 4:03-cv-00564 HLJ, 2006 WL 3392443, at *2 (E.D. Ark. Oct. 20, 2006) (citing *Hensley*, 461 U.S. at 433).  Once calculated, the lodestar amount is presumptively reasonable.  *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).  However, it may be adjusted upward or downward, as the court finds necessary based on the facts and circumstances of the particular case. *See Hensley*, 461 U.S. 434.

"Attorney's fees are within the broad discretion of the district court and will not be reversed absent an abuse of discretion." *Hanig*, 415 at 825 (citing *Harmon v. City of Kansas City*, 197 F.3d 321, 329 (8th Cir. 1999)).

### B.    Analysis

Sostaita requests $4,725.00 in attorneys' fees and $700.00 in costs (Dkt. No. 11, at 16).  In support of his motion for attorneys' fees and costs, Sostaita has submitted a spreadsheet documenting the hours expended by the Sanford Law firm, including attorneys and support staff;

a declaration of attorney Josh Sanford; and a spreadsheet of costs (Dkt. Nos. 11-2; 11-3; 11-4). Sostaita asks the Court to award attorneys' fees as follows:

| Timekeeper | Rate | Time Claimed | Amount Claimed |
|---|---|---|---|
| Sean Short | $200.00 | 8.7 | $1,680.00 |
| Rebecca Matlock | $250.00 | 9.5 | $2,375.00 |
| Paralegal | $100.00 | 6.7 | $670.00 |
| Total | | 24.9 | $4,725.00 |

(Dkt. No. 11, at 6)

### 1.        Requested Hourly Rates

Aside from the paralegal rate, the Court observes that the rates requested by Sostaita's counsel are in excess of the prevailing rates for FLSA actions in the Arkansas legal markets and have been repeatedly rejected by Judges in both the Eastern and Western Districts of Arkansas. *See Wright v. Tyler Tech., Inc.*, Case No. 20-cv-00454, 2021 WL 4255287, at *2 (E.D. Ark. 2021) (compiling cases in Eastern and Western Districts of Arkansas where Mr. Sanford's requested hourly rate has been found unreasonable); *Huey, et al. v. Trinity Property Management, LLC*, Case No. 4:20-cv-685-LPR, 2023 WL 2715271, *4 (E.D. Ark. 2023) (determining that rate of over $300.00 per hour for Mr. Sanford and rate of over $200.00 per hour for Mr. Sanford's associates was unreasonable); *Hale v. Belmont Management Company, Inc.*, Case No. 2:21-cv-02094, 2022 WL 2833983, *2 (E.D. Ark. 2022) (determining that fair hourly rate for Sanford Law Firm Associates based on legal market in Arkansas is less than $200.00 per hour).

The Court determines that the rates requested by Sostaita's counsel are high in comparison to reasonable hourly rates in the legal market.  The Court will reduce the fee award accordingly and does so in a manner consistent with its reasoning in this Order.

### 2.      Duplicative And Inefficient Work

Attorneys' fees awarded under the FLSA "should be comparable to what is traditionally paid to attorneys who are compensated by a fee-paying client." *Morales v. Farmland Foods, Inc.*, Case No. 8:08-cv-504, 2013 WL 1704722, at *7 (D. Neb. Apr. 18, 2013) (citing *Missouri v. Jenkins*, 491 U.S. 274, 287 (1989)).  "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

Sostaita argues that billing in this case was kept to a minimum and was directed towards prevailing on summary judgment (Dkt. No. 11, at 8–9).  In his declaration, Mr. Sanford states that before filing this motion Sanford Law Firm reduced fees related to in-house conferences, case management, and items that were insufficiently described (Dkt. No. 11-3, ¶ 47–49).

After carefully reviewing the billing spreadsheet submitted in support of Sostaita's motion (Dkt. No. 11-2),  the Court is satisfied that some hours billed by Sostaita's attorneys include duplicative, inefficient, and unnecessary tasks as well as administrative tasks that should not have been billed. *See Smith v. OM Purshantam*, LLC, 2021 WL 1230468, at *5 (E. D. Ark. March 31, 2021) (cleaned up) ("Secretaries' salaries come within a firm's overhead. Secretarial work on a case should not be billed to a client nor to an opposing party in a fee-shifting case.").

The Court will reduce the fee award accordingly and does so in a manner consistent with its reasoning in this Order.

### 3.  Summary Of Fees Awarded

As set forth above, the Court determines that, given the nature of this case and the billing records submitted for the Court's review, Sostaita has not come forward with support for awarding all of the fees requested.  Consistent with this Order, the Court reduces the fee award as follows:

| | |
|---|---|
| **Total Fees Requested** | $4,725.00 |
| **Reduction of 25% of total for attorneys' hourly rates** | -$1,014.00 |
| **Subtotal** | $3,711.00 |
| **Reduction of 5% of total for duplication, inefficient, unnecessary tasks** | -$185.00 |
| **Grand Total Of Fees Awarded** | $3,526.00 |

## IV.  Conclusion

For the reasons set forth above, the Court grants, in part, and denies, in part, Sostaita's request for damages, attorneys' fees, and costs (Dkt. No. 11).  As set forth in the Court's prior Order, the Court grants Sostaita's motion for summary judgment on his claim that defendants Sanchez Concrete, LLC, and Alejandro Sanchez violated the minimum wage provisions of the FLSA and AMWA by classifying him as an independent contractor rather than an employee (Dkt. No. 10).  The Court grants Sostaita's motion for summary judgment on his claim that Sanchez is individually liable to Sostaita for violating the minimum wage provisions of the FLSA and AMWA (*Id.*).  The Court awards Sostaita damages against defendants Sanchez Concrete, LLC and Alejandro Sanchez, jointly and severally, in the amount of $10,400.00 in unpaid overtime wages and in an equal amount of $10,400.00 in liquidated damages for a total award of $20,800.00.  The Court grants, in part, and denies, in part, Sostaita's motion for attorneys' fees and costs.  The Court

awards Sostaita attorneys' fees in the amount of $3,526.00 and costs in the amount of $700.00, for a total award of fees and costs in the amount of $4,226.00.

It is so ordered this 30th day of March, 2026.

_____
Kristine G. Baker
Chief United States District Judge